Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4888 | **DATE** | 5/9/2001 |
| **CASE TITLE** | PAUL J. DAOUST vs. EDGEWATER MEDICAL CENTER, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted [10-1]. Plaintiff must file his second amended complaint within ten (10) business days of the date of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 11 2001 date docketed | 16 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | CM docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 1 2001

PAUL J. DAOUST )
)
)
)
Plaintiff, )
) No. 00 C 4888
v. ) Judge Ronald A. Guzman
)
)
EDGEWATER MEDICAL )
CENTER, et al. )
)
)
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Pending is Defendant's Edgewater Medical Center, Michael Cassillas and Janice Lindquist's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below this motion is granted (#10-1).

## BACKGROUND FACTS

On or about August 9, 2000, Paul J. Daoust ("Daoust" or "Plaintiff") filed a *Pro se* Complaint with this Court against Michael Casillas and Janice Lindquist, employees of the Edgewater Medical Center ("Edgewater") as well as Does 1-25. Plaintiff's unsigned Complaint consists of 66 lengthy paragraphs setting forth a factually incoherent narrative; 344 photographs with explanations; hundreds of pages of random documentation and articles; and a transcript of what appears to be taped conversations which took place at Edgewater Medical Center.

1



Also included with the Complaint was a copy of Plaintiff's EEOC charge filed against Edgewater on April 12, 2000, as well as his Notice of Right to Sue issued to Plaintiff by the Equal Employment Opportunity Commission (EEOC) on May 16, 2000. The EEOC complaint reveals that Plaintiff believes he was retaliated against in violation of Title VII of the Civil Rights Act of 1964 in that he was terminated for internally opposing Title VII discrimination.

## **DISCUSSION**

The purposes of a motion to dismiss pursuant to Rule 12 (b)(6) is to test the sufficiency of the complaint and not to decide the merits of the case. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff, and all well pleaded facts and allegations in the plaintiff's complaint must be taken as true. *See Bontkowski v. First National Bank of Cicero,* 998 F. 2d 459, 461 (7th Cir. 1993). The allegations of complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no sets of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). It is with these principles in mind that we address the motions before us.

On September 5, 2000, Defendants Casillas and Lindquist, by their attorneys, moved to dismiss Plaintiff's Complaint on the grounds that the Complaint: (1) improperly named individual defendants in a Title VII suit; and (2) failed to comply with federal pleading requirements pursuant to Fed. R. Civ. P. 8(a). On September 19, 2000, the Court granted Plaintiff until October 10, 2000 to file an Amended Complaint naming Edgewater as Defendant, and thus struck Defendants' Motion to Dismiss as moot. On or about September 29, 2000, Plaintiff filed an Amended Complaint naming Edgewater as a Defendant as well as individual

defendant Does 1-25. On October 11, 2000 Defendants moved again to dismiss plaintiff's complaint for the same reasons set forth in their September 5, 2000 motion to dismiss.

In Paragraph two (2) of the Amended Complaint, Plaintiff continues to name Edgewater employees Michael Casillas and Janice Lindquist, as "defendants". To the extent that Plaintiff's complaint purports to name Casillas and Lindquist as Defendants to his Title VII claims, these claims must fail because Title VII provides for liability against the employer only. See 42 U.S.C. §2000(e) *et seq.*, and *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995). Because Plaintiff's complaint fails to state a claim upon which relief can be granted Defendants Casillas and Lindquist are hereby dismissed from this lawsuit with prejudice.

However, Defendant's motion to dismiss Edgewater as a Defendant is denied at this stage of the litigation. Under Title VII plaintiff must file suit within 90 days from the date he receives a notice of right to sue from the EEOC. 42 U.S.C. §12117(a). Failure to comply with this requirement results in dismissal of the lawsuit. See *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir, 1999); *Wilson v. Doctors' Hosp. Of Hyde Park*, 909 F. Supp. 580, 581 (N.D.Ill. 1996) (dismissing plaintiff's *pro se* complaint filed 91 days after receiving right to sue letter). In this case, the EEOC issued Plaintiff a Right to Sue letter on May 16, 2000. Plaintiff then filed his original complaint on August 9, 2000 naming only Defendants Casillas and Lindquist, et. al rather than Edgewater the Respondent to his EEOC charge. Plaintiff first named Edgewater as a Defendant in this lawsuit in his Amended Complaint which was filed on or about September 27, 2000 – a full 42 days after the expiration of the 90 days filing period.

The amended complaint will be barred by the statute of limitations unless it "relates back" to the original complaint's filing date. Fed. R. Civ. P. 15(c)(3) allows the date of an

3

amended complaint to "relate back" to the date of the original complaint's filing date if four prerequisites are met. These prerequisites include: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice so that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have brought against it; and (4) the second that third requirements must have been fulfilled within the proscribed limitations period. *See Schiavone v. Fortune*, 477 U.S. 21, 29 (1986); *see also Wilke v. Bob's Route 53 Shell Station*, 36 F. Supp. 2d 1068, 1072 (N.D. Ill. 1999); *Worthington v. Wilson*, 8 F. 3d 1253, 1255-56 (7th Cir. 1993).

The Federal Rule of Civil Procedure 15(c)(3) applies when "an amendment to a pleading changes the naming of a party against whom a claim is asserted." *Wilke*, 36 F. Supp. 2d 1068, 1072 (N.D. Ill. 1999) *see also Worthington*, 8 F. 3d at 1255. Furthermore, the "Seventh Circuit instructs that the Federal Rules of Civil procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits...To this end, amendment pursuant to Rule 15(c) should be freely allowed." *Wilke*, 36 F. Supp. at 1072.

The first prerequisite of Rule 15(c)(3) provides that the claims contained in the amended complaint arise from the same conduct set forth in the original complaint. Plaintiff's amended complaint arises from the same conduct set forth in the original complaint. Plaintiff's amended complaint remained exactly the same except for the change of defendant's name.

Both the second and third prerequisites for application of Rule 15(c)(3) necessitate that the defendant receive notice within the period of the proscribed limitations. It appears that employees of defendant were served with a copy of the complaint the second or third week of

4

August. Notice, however, does not necessarily require service according to the Seventh Circuit. In *Maxey v. Thompson,* 680 F. 2d 524, 526 (1982) the court reasoned that the defendant "was put on notice, by the charge that the plaintiff had filed with EEOC, that it might be sued, and since it should have known that but for the plaintiff's mistake the action would have been brought against it, Rule 15(c) of the Federal Rules of Civil Procedure required that the amendment be allowed and that it related back to the date of the original complaint, which was filed within the 90-day period that a Title VII plaintiff has to sue after receiving a 'right to sue' letter from the EEOC...and hence was timely." *Id.* At a minimum Edgewater had constructive notice of the lawsuit by virtue of the fact that three of its employees received constructive notice of the lawsuit as well as the fact that Edgewater was the only party named in Plaintiff's EEOC charge.

Finally, Rule 15(c)(3) requires that the defendant receive "such notice that it will not be prejudiced in maintaining its defense." *Schiavone v. Fortune,* 477 U.S. 21, 29 (1986). Defendant has not alleged that it will be prejudiced by the delay in naming it. Therefore, because defendant had notice of plaintiff's allegations from the EEOC charge and because this court's mailed notices regarding the scheduled status hearings, the court fails to find any prejudice from the delay in plaintiff amending his complaint.

Defendant further argues that plaintiff's complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a) and (e)(1). Defendants argument is well grounded in fact. Plaintiff's complaint presents an impenetrable hodgepodge of amorphous grievances which makes it extremely difficult to determine whether, even with the benefit of the generous reading afforded to pleadings by *pro se* litigants (*Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)(per curiam), any aspect of Plaintiff's complaint might possibly be able to survive against further

5

motions to dismiss or for that matter so Edgewater can respond to it. All of the complaint appears to exceed the scope of the EEOC charge. Plaintiff alleges that Edgewater violated Title VII by giving "preferential employment of predominantly Asin and Hindu/Muslim persons... and their preferential training and working opportunities in [the] Blood Bank." Plaintiff's underlying charges filed with the EEOC on April 12, 2000, alleges retaliation only. Specifically, his charge provides as follows:

> *I believe I was retaliated against in violation of [Title VII], in that I was terminated for having internally opposed Title VII discrimination.*

Clearly, Plaintiff's cryptic EEOC charge, which focused solely on his allegedly retaliatory termination, wholly fails to encompass in any way the apparent national origin discrimination or disparate treatment allegations during the course of his employment, which are contained in the Amended Complaint. In *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) it was clearly stated that an aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination. The current state of Plaintiff's complaint makes it impossible for Edgewater to answer. Accordingly, Plaintiff's first amended complaint is dismissed. Plaintiff should refile his second amended complaint with 10 business days of the date of this order utilizing the form provided by the Clerk's office on the 20th floor. Plaintiff is to attach a copy of his EEOC complaint and his Right to Sue letter and only those exhibits relevant to his retaliation claim.

## CONCLUSION

For the reasons set forth above Defendant's motion to dismiss is granted. (#10). Plaintiff must file his second amended complaint within ten(10) business days of the date of this order.

SO ORDERED                                         ENTERED: 5/9/07

*/s/ Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge